IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CULLY PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-00612-PRW |
| ) | |
| PONCA CITY INDEPENDENT SCHOOL ) | |
| DISTRICT I-71, SHELLEY ARROTT, ) | |
| THAD DILBECK, BRET SMITH, KELBY ) | |
| GENE CROSS, AVERY MARKUS KEEL ) | |
| REVARD, JARED FREEMAN, BRAD ) | |
| PARENT, and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is a Motion to Dismiss (Dkt. 24) filed by Defendants Shelley Arrott, Thad Dilbeck, Bret Smith, Jared Freeman, and Brad Parent (collectively, the "School Employees"). Plaintiff Porter filed a Response in Opposition (Dkt. 25), and Defendant School Employees filed a Reply (Dkt. 28). For the following reasons, the Motion to Dismiss (Dkt. 24) is **GRANTED**.

### *Background*

This case arises out of an alleged sexual assault in a public school.[1] In 2017, Plaintiff Cully Porter attended school at Defendant Ponca City Independent School District and was a freshman on the high school's boys' basketball team. At the same time, Defendants Kelby

---

[1] At this stage of the proceedings, the Court accepts a plaintiff's well-pleaded allegations as true, so the account presented in this section reflects Mr. Porter's allegations.

Gene Cross and Avery Markus Keel Revard were upperclassmen on the boys' basketball time. During a team trip to a basketball camp, Mr. Porter was assigned to room with Mr. Cross and Mr. Revard. That night, Mr. Porter was allegedly assaulted by Mr. Cross and Mr. Revard, in what Mr. Porter believes was a hazing or initiation ritual. Mr. Porter also alleged that Mr. Cross and Mr. Revard also sexually assaulted two other teammates while in his presence.

Mr. Porter believes that an identical sexual assault took place against another underclassman student the previous year and that the Defendant School District and Defendant School Employees were aware of the practice and allowed it to continue. Mr. Porter and his mother met with school employees and requested a full investigation into the matter. Mr. Cross and Mr. Revard were suspended from playing sports that year but otherwise remained at school. Mr. Porter alleges that School Employees never spoke with him to inform him of the results of any investigation. He also alleges that Mr. Cross and Mr. Revard continued to harass and bully him throughout the following year and that the School Employees did not interfere.

Mr. Porter has now sued the School District, Mr. Cross, Mr. Revard, and several school employees—including Acting Superintendent Shelley Arrott, Principal Thad Dilbeck, Title IX Coordinator Bret Smith, Athletic Director Jared Freeman, and Coach Brad Parent—in their individual capacities in a six-claim Amended Complaint.[2] As

---

[2] Although only Claim Five is at issue in this motion, the Court observes—for purpose of establishing jurisdiction—that Mr. Porter's claims involve alleged infringement of Title IX and the Equal Protection Clause of the U.S. Constitution, so this case arises under federal-

relevant for this motion, Claim Five alleges negligence by the School Employees. The School Employees moved to dismiss this claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the theory that individual government employees cannot be liable for torts committed during the scope of employment. The matter is now fully briefed.

### *Legal Standard*

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has stated a claim upon which relief may be granted. All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[3] Plaintiffs bear the "obligation to provide the grounds of [their] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[4] The pleaded facts must be sufficient to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level."[5] In considering whether a plausible claim has been made, the Court "liberally construe[s] the pleadings and make[s] all reasonable inferences in favor of the non-moving party."[6] But the Court need not accept

---

question jurisdiction and the Court exercises supplemental jurisdiction over the pendent state-law claims.

[3] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[5] *Id.* at 570.

[6] *Brokers' Choice of Am., Inc. v. NBC Univ., Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

as true allegations that are conclusory in nature,[7] since "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[8] Additionally, when considering a Rule 12(b)(6) motion to dismiss, the Court also examines whether the claim fails as a matter of law despite sufficiently detailed factual allegations. Thus, the Court "may grant judgment as a matter of law under Federal Rule of Civil Procedure 12(b)(6) on the basis of an affirmative defense . . . when the law compels that result."[9]

### *Discussion*

In this case, Mr. Porter's central claims allege violations of federal law and are thus within this Court's federal-question jurisdiction. The claim at issue in this motion to dismiss—negligence between non-diverse parties—is therefore within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and is reviewed according to applicable Oklahoma law.

It is well established that the Oklahoma Governmental Tort Claims Act ("GTCA") is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort.[10] Under the GTCA, a governmental entity is liable for torts for which a private person would be liable, unless the torts are committed outside the course and scope of employment

---

[7] *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001).
[8] *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).
[9] *Caplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1341 (10th Cir. 2015).
[10] *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009).

or unless they are committed in bad faith or in a malicious manner.[11] The GTCA defines "scope of employment" as "performance by an employee acting in good faith within the duties of the employee's office or employment of tasks lawfully assigned by a competent authority."[12] Indeed, the GTCA specifies that "[i]n no instance shall an employee . . . acting within the scope of his employment be named as a defendant."[13]

Mr. Porter attempts to circumvent this prohibition by claiming that the Defendant School Employees were not acting within the scope of their employment, alleging that they acted maliciously and in bad faith. While this distinction may sometimes be used to preserve some specific tort claims against individual government employees,[14] it may not be used to preserve claims of negligence against individual government employees.

In order to establish a claim of negligence under Oklahoma law, Mr. Porter must demonstrate that the Defendant School Employees owed him some duty.[15] Here, he claims that they owed him a duty to keep him safe from unreasonable harm, to protect him from

---

[11] *Id.*; *see also* Okla. Stat. tit. 51, § 153(A) ("The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in The Governmental Tort Claims Act. . . . The state or a political subdivision shall not be liable under the provisions of The Governmental Tort Claims Act for any act or omission of an employee acting outside the scope of the employee's employment.").

[12] Okla. Stat. tit. 51, § 152(12).

[13] Okla. Stat. tit. 51, § 153(C).

[14] *See, e.g.*, *Pellegrino v. State ex rel. Cameron Univ.*, 63 P.3d 535, 537 (Okla. 2003) ("An act of the employee is not in the scope of employment if the employee acted maliciously or in bad faith.").

[15] *See Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007).

other students or a third party, and to report abuse, neglect, or suspected violence.[16] However, all of these asserted duties arise as a direct result of the School Employees' roles as educators and school administrators.[17] Absent their job requirements, the School Employees had no "special relationship"[18] to Mr. Porter and therefore "no duty of care to [prevent] intentional and criminal acts of a third person against" him.[19] The only possible duty that could have been violated arose "solely from their duties as employees of the District," and so "outside of the school setting, no special relationship or duty exists between these defendants" and Mr. Porter.[20]

Since the only possible duty alleged grew directly out of the School Employees' job requirements—the "scope of their employment"—any negligence suits for a violation of these duties are only allowed in accordance with the GTCA and against the School District.[21] Mr. Porter has identified no duty owed by the School Employees to Mr. Porter

---

[16] *See* Am. Compl. (Dkt. 21), at 22–23.

[17] *See Cooper v. Millwood Ind. Sch. Dist. No. 37*, 887 P.2d 1370, 1375 (Okla. Civ. App. 1994) (holding that a school employee "had no duty to act in preservation of" a student except from the employee's "duties as bus driver," thus bringing the case within the GTCA and precluding any negligence claims against the teacher in his individual capacity."); *see also Culbertson v. Fletcher Pub. Sch. Dist.*, 2011 WL 3477112, at *3 (W.D. Okla. Aug. 9, 2011) (dismissing negligence claims against individual school employees after concluding that "the only duty [the teachers] owed to plaintiffs arises out of the context of their employment with FPSD and thus [the claims] should be dismissed").

[18] *Wofford v. East. State Hosp.*, 795 P.2d 516, 519 (Okla. 1990).

[19] *J.S. v. Harris*, 227 P.3d 1089, 1092 (Okla. Civ. App. 2009).

[20] *See Fitzer v. Ind. Sch. Dist. No. 15 of McClain Cty., Okla.*, 2015 WL 6160370, at *3 (W.D. Okla. Oct. 20, 2015).

[21] *See id.* ("Therefore, because plaintiffs' negligence causes of action can only be brought based upon these defendants acting within the scope of their employment, and because scope of employment claims against employees are prohibited by § 163(C) of the GTCA,

other than to act within the scope of their duties and therefore Mr. Porter has pleaded no independent basis sufficient to maintain a claim for negligence liability against the School Employees in their individual capacities.[22]

### *Conclusion*

The Court finds that Mr. Porter has failed to plausibly state a claim of negligence against the School Employees for which he can recover. Accordingly, the Motion to Dismiss (Dkt. 24) is **GRANTED** and Claim Five of the Amended Complaint is dismissed.

**IT IS SO ORDERED** this 6th day of May 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

the Court finds that plaintiffs' negligence and negligent supervision causes of action against [individual school employees] should be dismissed."); *see also Young v. Okla. City. Pub. Schs., Ind. Sch. Dist. 89*, 2013 WL 6567144, at *2 (W.D. Okla. Dec. 13, 2012) (same); *Culbertson*, 2011 WL 347712, at *3 (same); *Cooper*, 887 P.2d at 1375 (same).

[22] To be sure, Mr. Porter could have sued the School District for the alleged acts of negligence and violations of the duties that the School Employees owed to him. However, this would need to be in accordance with the provisions of the GTCA.